BERTHA ROTHER v. JOHN MONAHAN.[1]

February 1, 1895.

No. 9051.

Lien of Judgment— Tender and Refusal — Action to Set Aside Redemption.

A tender does not extinguish the lien of a judgment, but if a judgment creditor wrongfully refuses a lawful tender of the amount of his judgment, and, while the judgment debtor still holds himself ready, able, and willing to pay the amount, persists in using his judgment for the purpose of redeeming the land of his debtor from a sale on a prior lien, such use of the judgment is wholly in his own wrong; and the court will set aside the attempted redemption, and compel the judgment creditor to accept the tender and satisfy his judgment.

From a judgment entered upon an order of the district court for Winona county, Start, J., sustaining a demurrer to the complaint, plaintiff appealed. Reversed.

*Gould & Snow*, for appellant.

*Randall & Randall*, for respondent.

MITCHELL, J.[2] The short facts alleged in the complaint are as follows: One Siebrecht, being the owner of the land described in

---

[1] Reported in 62 N. W. 263.

[2] Start, C. J., having tried the case in the court below, took no part.

the complaint, in July, 1889, mortgaged it to one Truesdell. In August, 1891, one Rotzler obtained a judgment against Siebrecht, which became a second lien on the land. Default having been made in the conditions of the mortgage, Truesdell foreclosed and sold the mortgaged premises on September 26, 1892, she herself being the purchaser. In January, 1893, plaintiff obtained from Truesdell an assignment of the certificate of sale on the mortgage; and in February, 1893, defendant obtained from Rotzler an assignment of the judgment against Siebrecht, and about September 20, 1893, filed notice of his intention to redeem from the mortgage sale by virtue of his ownership of this judgment. On September 26, 1893, which was the last day of his right to redeem, Siebrecht, the mortgagor, as well as judgment debtor, tendered to defendant the full amount due on the judgment, which defendant refused to accept, solely upon the ground, as then stated by him, that the tender was made too late. Siebrecht at the same time informed defendant that he could have the money in payment of his judgment at any time, by calling for it, or, if he desired, he (Siebrecht) would deposit it for him with the sheriff of the county, which was declined by defendant. On the same day, Siebrecht went to the sheriff, and, in the presence of defendant's attorney, offered to deposit the money for him with the sheriff; but the sheriff, at the direction of defendant's attorney, refused to receive it. Ever since making the tender, Siebrecht has remained ready and willing, and is still ready and willing, to pay the amount due on the judgment, whenever called for; and the plaintiff, in his behalf and at his request, has brought the money into court, and has deposited it with the clerk thereof, to abide such order as may be made in relation thereto in this action. Notwithstanding such tender the defendant on September 27, 1893, proceeded to redeem the land from the mortgage sale by paying the amount to the sheriff, from whom he obtained a certificate of redemption which he placed on record. The relief asked for is that this pretended redemption and certificate of redemption be declared null and void, and the record thereof canceled. We infer from the record that the only question argued before the trial court was whether a tender extinguishes the lien of a judgment. And, upon the ground that it did not, the learned judge sustained a demurrer to the complaint.

If the decision of the case turned on that question, we would unhesitatingly hold that the case was rightly decided. The cases cited by the judge in his memorandum fully sustain his position that a tender does not discharge or avoid the lien of a judgment; that nothing short of payment will have that effect; that, if the tender be refused, the remedy of the debtor is to apply to the court to enter satisfaction of the judgment. But, conceding all this, still we are of the opinion that for another reason the case was wrongly decided. The act of the defendant in attempting, under the circumstances, to use this judgment for redemption purposes was wholly in his own wrong. If, under similar circumstances, he had attempted to enforce the judgment by execution, a court would have unquestionably enjoined him from doing so, or, if a sale had been made on the execution, set it aside as wrongful, and an abuse of the process of the court, and compelled defendant to accept the tender and satisfy his judgment. Mason v. Sudam, 2 Johns. Ch. 172. The same principle applies where, as in this case, the defendant has wrongfully attempted, notwithstanding the tender, to use the statutory process of redemption for the purpose of collecting his judgment out of this land. It is wholly immaterial what the object of the debtor and mortgagor was in making the tender,—even if it was to prevent a redemption by defendant. He must be presumed to have had some interest in preventing such a redemption. It may be that he had made some advantageous arrangement with the plaintiff, the holder of the certificate of sale. But what his intent or motive was it is not for the courts to inquire. He had a legal right to pay the judgment, and thereby prevent a redemption by defendant. Defendant's duty and only right, under the circumstances, was to accept the tender and satisfy the judgment. His refusal to do so and his attempt to use his judgment for redemption purposes were wrongful, and a clear abuse of the statutory right of redemption. The court will, under such circumstances, set aside the attempted redemption, and compel defendant to do what he ought to have done in the first instance,—accept his money and satisfy his judgment. This doctrine is suggested in Tiffany v. St. John, 65 N. Y. 320,—one of the very cases cited by defendant's counsel. Some point is made as to the sufficiency of the tender, as to amount; but, under the allegations of the complaint, the amount of the tender must be taken

as sufficient, especially in view of the fact that defendant is alleged to have declined it solely on another ground.

Judgment reversed.