No. 14,159.

PLUTE ET AL. *v.* SCHICK ET AL.
(71 P. [2d] 802)

Decided September 13, 1937.

Mr. GEORGE L. LONGFELLOW, JR., for plaintiffs in error.

MARY F. LATHROP, for defendant in error Schick.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

ACTION to redeem real estate from foreclosure sale by public trustee. . Plaintiffs in error were plaintiffs below and from a judgment against them in the trial court have made application for a supersedeas. They ask that the matter be decided on that application, and so it will be. Defendant Prather, being a defendant ex officio as public trustee of Adams county, made no appearance below. The parties will be described as the plaintiffs and defendant Schick.

On September 14, 1931, Schick was the owner of a deed of trust given by Arthur C. Kist on a residence property in Adams county. On June 1, 1933, he conveyed the fee to Dorothy C. Baxter by warranty deed. She borrowed $500 from Schick and gave a second deed of trust to him as security on November 27, 1934. ' On November 22, 1935, one Josephine Connor obtained a judgment in the Denver district court of $52.50 against Dorothy C. Baxter, on which an execution was issued and levy made on the real estate in question. All of the above instruments were duly recorded.

On January 15, 1936, Schick started foreclosure on his original deed of trust, and Prather, as public trustee, sold the premises and issued certificate of purchase to Schick on February 14, 1936, the price Schick bidding the property in for being $1,244.78. Meanwhile, Schick had obtained from Dorothy Baxter a quitclaim deed to the property in October, 1935, but which was not recorded until April 17, 1936, about which. time Schick took possession and started repairing and renovating said property, and expended about $1,000 thereon.

About May 29, 1936, the plaintiffs while driving around stopped at the place and inquired if it was for sale, and Schick advised them it would be when he could get his trustee's deed in August. A few days later they returned and asked to borrow the abstract to the property, saying that they were negotiating for a government loan. The abstract showed the Connor-Baxter judgment of $52.50. Plaintiffs kept the abstract until written demand was made for its return, until August 11, 1936.

Meanwhile, plaintiffs bought the Connor-Baxter judgment for $62.50 and claimed, and now claim, the right to redeem said property by virtue of this judgment.

As soon as Schick learned of this he tendered to and received a receipt for $101.20 from the Clerk of the Denver district court in payment of the judgment, but was denied a certificate of satisfaction because he was advised that the assignee of the judgment had refused to allow the judgment to be satisfied.

On August 14, plaintiffs recorded assignment of their judgment and filed with the public trustee a written notice of their intention to redeem, but made no tender to the trustee until after Schick had paid the money to the clerk of the district court in Denver. On August 19, 1934, and again on August 26, they tendered to the trustee the amount required to redeem.

On the same August 14, 1934, the trustee issued a deed in favor of Schick, but recalled it the same afternoon, believing that it was issued one day early, and no further official action was taken by him because of the conflicting demands made upon him.

This action was brought, among other things, to compel the trustee to issue his deed to plaintiffs and generally to quiet the title of the premises in the plaintiffs. The matter was tried to the court without a jury who found generally for the defendants, and it is to reverse this judgment that the matter is before us.

We think the judgment of the trial court was correct. The redemption laws were enacted with the

beneficent view of helping creditors to recover their just demands, nothing more. Equity has always kept her watchful eye on the respective claims of those involved in mortgage foreclosure proceedings and their attendant circumstances. The redemption laws may not be used as an instrument of oppression when substantial justice can be done without enforcing them to the letter.

When the plaintiffs acquired the Connor-Baxter judgment they had a right to have that paid, and their money is awaiting them. They were at all times strangers to the title, and while they sought to show in the trial court that certain offers of compromise were made to defendants' attorney, these were denied, and the evidence on that was conflicting and the court resolved that issue against the plaintiffs.

The bald facts of the case are that plaintiffs are seeking to acquire title to property in which Schick has admittedly invested about $3,500, for about $1,350. We do not lend our aid to such a plan, particularly as viewed from the circumstances in this case.

In examining cases cited by plaintiffs we do not find any in which the disparagement between the equities is as compelling as here, and particularly is that true of the Colorado cases cited. (*Carlson v. Howes,* 69 Colo. 246, 193 Pac. 490; *Denver & R. G. Ry. Co. v. Mills,* 59 Colo. 198, 147 Pac. 681.) We prefer to follow the rule laid down in *Rother v. Monahan,* 60 Minn. 186, 62 N. W. 263, where the court in a very similar situation used the following language: ''He [the debtor] had a legal right to pay the judgment, and thereby prevent a redemption by defendant. Defendant's duty and only right, under the circumstances, was to accept the tender and satisfy the judgment. His refusal to do so and his attempt to use his judgment for redemption purposes were wrongful, and a clear abuse of the statutory right of redemption. The court will, under such circumstances, set aside the attempted redemption and compel defendant to do

what he ought to have done in the first instance,—accept his money and satisfy his judgment.''

As we said in *Drake v. Gilpin Mining Co.,* 16 Colo. 231, 236, 237, 27 Pac. 708: ''* * * * when such a claim to equity emanates from one who seeks to get something for nothing, * * * his claim does not address itself favorably to a court of equity.''

The application for a supersedeas will be denied and judgment of the trial court affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE HILLIARD concur.