510 P.2d 461 (1973)
OSBORN HARDWARE COMPANY, Plaintiff,
Philip E. Lowery et al., Plaintiffs-Appellants,
v.
The COLORADO CORPORATION and Richard Takes, Defendants-Appellees.
No. 72-133.
Colorado Court of Appeals, Div. I.
May 8, 1973.
*462 Yegge, Hall & Evans, John R. Trigg, Denver, for plaintiffs-appellants, Philip E. Lowery, Irma J. Lowery and Severn Investment Co.
March, March & Sullivan, Arthur E. March, Jr., Fort Collins, for defendants-appellees.
Selected for Official Publication.
ENOCH, Judge.
This is an appeal from a judgment entered January 18, 1972, reaffirming a satisfaction of judgment previously entered and subsequently vacated. The real parties in interest are Philip E. Lowery, Irma J. Lowery, and the Severn Investment Company, plaintiffs-appellants, who will be referred to in this opinion as the "Assignees," and The Colorado Corporation, defendant-appellee.
The facts of the case are not in dispute. A judgment was entered on April 26, 1971, in favor of the Osborn Hardware Company for a business debt of $525 plus costs of $32.96 against The Colorado Corporation. On September 30, 1971, Gerald Starbuck, a Denver Attorney, purchased this judgment indebtedness from Osborn Hardware for the benefit of the Lowerys, himself, and his wife. Therese M. Siapno, a secretary in Starbuck's law firm, was a nominal assignee of Osborn Hardware who then assigned the judgment to the Lowerys and the Starbucks, the latter doing business as the Severn Investment Company. The motivation for the Assignees' purchase of the Osborn Hardware judgment was to acquire a right to redeem from a public trustee's sale certain property in Grand County, then owned by The Colorado Corporation, which was being foreclosed under a deed of trust. Starbuck filed a notice of intent to redeem with the public trustee of Grand County in Mrs. Siapno's name within the statutory period.
The Colorado Corporation, involved in an involuntary bankruptcy proceeding, had not been adjudged a bankrupt at that time. On October 5, 1971, William N. Peek, a Denver attorney representing an out-of-state bank which held the certificate of purchase from the public trustee sale, tendered payment of the Osborn Hardware judgment on behalf of The Colorado Corporation to the clerk of the district court. Before the clerk would accept payment on the judgment, Peek was required to obtain a written order of the court, which read as follows: "Clerk authorized to accept full payment of judgment *463 and pay same to judgment creditor." Peek then gave the clerk $600 in certified funds with the request that the judgment be paid in full. The clerk refunded $42.04 to Peek and gave him a certificate of satisfaction of judgment for $557.96 which covered the judgment of $525 and the costs of $32.96 awarded by the court. The Colorado Corporation then filed this certificate with the public trustee in Grand County which terminated the Assignees' right of redemption. A check for $557.96 was delivered to the attorney for the Assignees, and the clerk received a receipt for delivery of that check. Because of their contention that Peek failed to pay $20.53, consisting of statutory interest due on the judgment and additional costs, Assignees did not cash the check. At no time did The Colorado Corporation contest its liability for the $20.53, and that sum was subsequently paid.
Although two weeks earlier Osborn Hardware had assigned all of its interest in the judgment to Mrs. Siapno and was therefore no longer a real party in interest, a motion was filed on October 14, 1971, on behalf of Osborn Hardware to vacate the October 5 satisfaction of judgment. The trial court entered an ex parte order on October 18, 1971, sustaining the motion. The Colorado Corporation subsequently filed a motion for a rehearing of the ex parte order. The rehearing was granted, at which the October 5th satisfaction of judgment was reaffirmed. Assignees seek reversal of that judgment.
The Assignees first contend that the satisfaction of judgment was improperly entered because it did not comply with C.R.C.P. 58(b) and that, therefore, the certificate of satisfaction issued by the clerk is void. Assignees assert that since no execution was returned satisfied, it was necessary for either the judgment creditor or his attorney to file an acknowledgment of satisfaction, and, lacking such voluntary acknowledgment, the court could compel, upon motion, the judgment creditor to render an acknowledgment. Only following a refusal, Assignees contend, can the court order an entry of a satisfaction of judgment. We do not so construe C.R.C.P. 58(b).
The pertinent language of C.R. C.P. 58(b) applicable to this case reads as follows:
"Whenever a judgment shall be so satisfied in fact otherwise than upon execution, it shall be the duty of the party or attorney to give such acknowledgment, and upon motion the court may compel it or may order the entry of such satisfaction to be made without it." (Emphasis supplied.)
As indicated by the italicized portion, the court had the authority to order a satisfaction of judgment even though there had not been an acknowledgment by the judgment creditor and without the filing of a motion by the debtor to compel such an acknowledgment.
The Assignees' other alleged errors all hinge on the clerk's failure to compute interest and additional costs due on the judgment in the amount of $20.53. This sum of money, instead of being retained out of the $600 tendered by Peek on behalf of The Colorado Corporation, was refunded to Peek as change. The Assignees claim that (1) the duty to calculate accurately costs and interest was Peek's, acting for the creditor, and not the clerk's (2) the amount of this error was not de minimus, and (3) the failure to collect this amount voids the satisfaction of judgment. We do not agree.
The purpose of the redemption laws is to help creditors recover their just demands, nothing more. Equity has always prevented the redemption laws from being used as "an instrument of oppression when substantial justice can be done without enforcing them to the letter." Plute v. Schick, 101 Colo. 159, 71 P.2d 802. In Plute, the pertinent facts are analagous to the facts of the case at hand. The court there followed the rule that the debtor had a legal right to pay the judgment against him, thereby preventing a redemption to his detriment. The creditor's duty is to accept the *464 tender and to assist in satisfaction of the judgment.
The record is clear that adequate funds were in fact remitted on behalf of the judgment debtor. At all times subsequent to the inaccurate change refund by the clerk, the judgment debtor was willing and able to pay the interest to the judgment creditor. Payment was obstructed solely by the latter.
We are in accord with the views of the trial court that substantial justice would not be served by penalizing The Colorado Corporation for the minor mathematical error of the clerk of the trial court. The error is harmless. C.R.C.P. 61.
Judgment affirmed.
PIERCE and SMITH, JJ., concur.