No. 16,704.

KOON *v.* STEFFES.
(239 P. [2d] 310)

Decided December 3, 1951.   Rehearing denied December 24, 1951.

Mr. HARRY A. KING, Mr. DARWIN D. COIT, for plaintiff in error.

Messrs. SUSMAN & LANDY, for defendant in error.

*En Banc.*

PER CURIAM.

DEFENDANT in error, as assignee, filed a complaint in the the district court of the City and County of Denver on open book account, with copy of the account attached thereto, in which judgment was sought against plaintiff in error in the sum of $7,886.45. Answer in the form of

**532**

general denial of the allegations of the complaint was filed. Parties are here in reverse order of their appearance in the trial court and will be designated herein as there.

After answer was filed, plaintiff, on due notice, took the deposition of defendant by cross-examination on October 7, 1948. The deposition is before us and discloses that many items of the account were not only disputed, but shown to be uncertain. It developed by the deposition that the account was more or less a continuing one over a period of years beginning about 1939, and that on June 30, 1945, a statement prepared by the assignor was rendered to defendant showing a balance on June 1 of that year of $3,136.45. In the testimony of the deposition of defendant we find: "Q. Did you question the itemized —did you question the items which made up $3,136.45? A. No, I accepted the statement as being O. K. Q. Then, as I understand it, you do not question the items making up $3,136.45? A. No, I don't question it, but I do not feel I owe it. * * * Q. Miss Koon, referring to Plaintiff's Exhibit A, you stated that you accepted this statement of $3136.45 as correct? A. I accepted that against the account that I have against him. Q. You accepted this as correct? A. I accepted that as correct. No question about it."

On direct examination, defendant testified: "Q. During the period from 1939 to February 1945, the items which were set forth in this Plaintiff's Exhibit A, which is attached to the plaintiff's Complaint, does not set forth each and every business transaction that you had with Mr. Barmettler or with the Publishers Press Room and Bindery Company? A. No."

The statement to which reference is made was marked "Exhibit A," and plaintiff, on January 3, 1951, filed the affidavit of Frank Barmettler, the assignor of the claim, also a copy of the assignment, in which Mr. Barmettler stated that the "claim represents a true, complete and accurate statement of the account which the undersigned has against E. K. Koon." Previously, and on

October 26, 1949, plaintiff filed motion for summary judgment under Rule 56, R. C. P., Colo., on the ground "that the pleadings, deposition and admissions in this action show that there is no genuine issue as to any material fact, and that the defense set forth in the answer of the defendant, or otherwise, is not sufficient in law to constitute a valid defense against the plaintiff's complaint." On January 20, 1951, the court, after hearing argument, entered its order granting said motion and ordered and entered judgment in favor of plaintiff in the sum of $3136.45, principal, $1035.00, interest, making a total judgment in the sum of $4171.45, and costs, all over the objection of defendant.

██ ██ On the face of the complaint and the facts set out in the deposition, it is clear that this action was, and is, one on an open account, and being an open account, it follows that the account has not been settled and agreed upon between the parties and evidence was admissible to determine the true status of the account. The excerpt from the testimony clearly discloses that the statement on which the court entered its summary judgment did not represent all of the transactions between the parties involved, and instead of the pleadings, depositions and admissions on file showing that no genuine issue remained, the exact opposite is true. When defendant stated that she accepted the statement against the account that she had against the assignor, it shows clearly that whatever amount she was owing, if any, was in dispute and she was, by the summary judgment, deprived of the right to examine witnesses who might have opposed her on plaintiff's claim, as well as the right to have the truth as to the transactions determined. To say the least, a shadow of doubt was cast over the questions of fact and the evidence does not show affirmatively that plaintiff was entitled to the judgment under these circumstances. The burden was on the moving party to demonstrate clearly the absence of any genuine issue of fact, and any doubt existing as to such issue

should have been resolved against him. The following quotation from *Hatfield v. Barnes,* 115 Colo. 30, 33, 168 P. (2d) 552, is clearly controlling on the issue before us: "Under our rule 56, following the federal practice, summary judgment is a drastic remedy and is never warranted except on clear showing that there is no genuine issue as to any material fact. *Schultz v. Manufacturers & Traders Trust Co.,* 1 F. R. D. 451, 103 F. (2d) 771. It does not compel a party to try his case on affidavits with no opportunity to cross-examine affiants. *United States v. Newbury Mfg. Company,* 1 F. R. D. 718 (District Court, Mass.). To authorize the granting of summary judgment, the complete absence of any genuine issue of fact must be apparent, and all doubts thereon must be resolved against the moving party."

The judgment is reversed and the cause remanded with directions to the trial court to set aside the summary judgment, that the parties may be allowed to properly determine the issues at a trial thereof.