No. 20,122.

LILLIAN GREENBERG *v.* IRENE TAYLOR.
(382 P. [2d] 191)

Decided May 20, 1963. Rehearing denied June 17, 1963.

Messrs. MELLMAN, MELLMAN and THORN, for plaintiff in error.

Mr. FRANCIS S. MANCINI, Mr. DONALD S. MOLEN, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

WE will refer to plaintiff in error as plaintiff or Lillian, and to defendant in error as Irene or defendant.

Lillian brought the action in the trial court and in her complaint alleged that she was the owner of two lots of land to which we will refer as Lots 33 and 34, and that she was also the owner of an easement over the west sixteen feet of Lots 1, 2, 3 and 4, which last mentioned lots were owned by Irene. She further alleged that she and her predecessors in interest had acquired an easement over the lots in question by possession and use thereof which was adverse, open, continuous and notorious for more than eighteen years; that on or about January 1, 1956, Irene had constructed a chain link fence across the right-of-way claimed as an easement by Lillian, and thereby unlawfully interfered with the use thereof. The prayer of the complaint was for an injunction restraining defendant from interfering with the use by plaintiff of the claimed right-of-way.

Defendant denied that plaintiff had acquired an easement over said lots by adverse user or otherwise. Affirmatively, she alleged that the matters in issue were litigated in actions formerly determined by the district court of Denver. She further alleged that in the case of *Gould and Prisner v. Taylor,* No. A-43833 in said court, the issues were "similar" to those in the instant case;

that plaintiffs in that action were predecessors in interest of Lillian, and that on January 17, 1946, said action was dismissed. Irene further alleged that in *City and County of Denver v. Carl T. Taylor and Irene E. Taylor*, No. A-98886 in the district court of Denver, the issues were "similar" to those in the instant action, and that on March 6, 1956, that action was dismissed. That by reason of such judgments "the issues herein are res judicata."

Defendant moved the court for the entry of a summary judgment, which upon hearing was sustained and the action dismissed over objection of counsel for Lillian. The trial court ruled, inter alia, as follows :

"4. Plaintiff derives title through Earl C. Gould and John C. Prisner, former owners of Lots 33 and 34. On May 18, 1945, in this court, in action No. A-43833, Gould and Prisner instituted an action against defendant based upon their claim of an implied easement and adverse possession of the identical easement here sought to be established. That action was tried on January 17, 1946, and judgment entered for defendant. *No Findings of Fact or Conclusions of Law appear in the file, nor does there appear a decree vesting any particular right in defendant.* (Emphasis supplied.)

"5. It is the contention of plaintiff that at the time No. A-43833 was filed the statute of limitations had not run and that it continued to run until 1956 when defendant built a fence across the alleged easement. The court cannot agree with this contention. In case No. A-43833, the issue before the court was the rights of all parties in the strip of land in question. Regardless of the form of the complaint, it was an action under Rule 105 to determine rights in real estate. The general judgment can only be interpreted as a finding that as of that date plaintiff's predecessors had no rights and defendant owned the property free of any easement. There has not been sufficient time run since that judgment to gain a title by adverse possession for eighteen years."

From the record made in the trial court and now before this court, and from the general judgment rendered in the former case, it cannot be said that case No. A-43833 decided the issues involved in the present action. Here the plaintiff claims the existence of a statutory period of eighteen years adverse user prior to the date on which her complaint was filed. Certainly it is possible as alleged by plaintiff that the period of adverse user initiated by plaintiff's predecessors, together with an additional period of continuing adverse user, might well establish an aggregate of eighteen years. The issues of adverse user, if that was actually the issue litigated in the former case, could not have involved the eighteen years immediately preceding the filing of the complaint by plaintiff.

From 50 C.J.S. §650, p. 92, we quote the following general rule:

"*The estoppel of a judgment extends only to the facts and conditions as they were at the time the judgment was rendered,* and to the legal rights and relations of the parties as fixed by the facts so determined; *and when new facts or conditions intervene before the second suit, furnishing a new basis* for the claims and defenses of the parties respectively, the issues are no longer the same, and hence the former judgment cannot be pleaded in bar in the subsequent action. * * * " (Emphasis supplied.)

Before a motion for summary judgment is granted it must be clearly apparent that there is no genuine issue of fact, and any doubt as to the existence of such an issue should be resolved against the moving party. *Koon v. Steffes,* 124 Colo. 531, 239 P. (2d) 310.

We do not know from the record before us what facts were involved in the cases formerly adjudicated by the Denver district court. We only know that *as of the date of the judgment* the predecessors in interest of plaintiff had not as yet acquired the easement which plaintiff claimed in her complaint filed in 1960. Assum-

ing that at the time of the judgment only fifteen years of adverse user had been shown in the trial of the former action, the court would have been obligated to dismiss that action. However, this dismissal would not necessarily preclude plaintiff from relying on the fifteen years adverse user by her grantors if in fact it was thereafter continued for the required statutory period. The adverse user for part of the statutory period by plaintiff's predecessor may be "tacked" to the period of time of such user by plaintiff to make up the full eighteen years. *Trueblood, et al., v. Pierce, et al.,* 116 Colo. 221, 179 P. (2d) 671; *Lively v. Wick,* 122 Colo. 156, 221 P. (2d) 374.

The trial court erred in concluding that the former judgment or judgments, ipso facto, had the effect of cutting off all adverse use to which the property had theretofore been subjected.

The judgment is reversed.

MR. JUSTICE DAY and MR. JUSTICE PRINGLE concur.