**No. C-1515**

**Dale C. Dooley and Frank A. Randall v.
Cal-Cut Pipe & Supply, Inc., a California corporation**

(593 P.2d 360)

Decided April 16, 1979.

T. B. Thurman, for petitioners.

Robert W. Smedley, for respondent.

*En Banc.*

MR. CHIEF JUSTICE HODGES delivered the opinion of the Court.

The plaintiff-respondent brought a collection action against defendants-petitioners. On August 10, 1976, the trial court entered judgment for the plaintiff after trial. Part one of the court's judgment awarded damages of $16,880.97. Part two of the judgment provided that the plaintiff was entitled to a post-judgment hearing on additional attorney fees which were incurred subsequent to May 6, 1976, the date of a pretrial order.[1]

One month later, the parties executed a satisfaction of judgment agreement. In consideration for a payment of $17,008.20, the plaintiff agreed to the following satisfaction clause:

"Plaintiff hereby acknowledges and accepts *full satisfaction of the Judgment* of the Court entered on the 10th day of August, 1976." (Emphasis added.)

After signing the agreement, the plaintiff cancelled a hearing on additional attorney fees which had been scheduled for September 20, 1976. On September 24, however, it filed a new motion for attorney fees. After conducting a hearing on this motion, the trial court found that by signing the satisfaction of judgment the plaintiff had *waived* its right to seek additional attorney fees. Accordingly, the court denied the plaintiff's motion. The plaintiff appealed the trial court's refusal to award additional attorney fees.

---

[1] Part two of the judgment stated:

"The plaintiff is entitled to a post-judgment hearing to determine whether it is entitled to an award of additional attorney fees, for which an amended or supplemental judgment shall enter if established and awarded by this court."

The court of appeals reversed the trial court's decision. *Cal-Cut Pipe and Supply, Inc. v. Dooley,* 40 Colo. App. 325, 577 P.2d 1106 (1978). It held that the satisfaction of judgment pertained only to that portion of the controversy which had been settled, — *i.e.,* part one of the judgment. The court of appeals found that the satisfaction did not serve as a waiver of the plaintiff's right to a court hearing on additional attorney fees — as recognized in the second part of the trial court's judgment — because that matter had not been resolved by the court. We granted certiorari and now reverse the judgment of the court of appeals.

In reversing the trial court's determination, the court of appeals relied on the case of *Greenberg v. Taylor,* 152 Colo. 342, 382 P.2d 191 (1963), for the proposition that a satisfaction of judgment cannot apply to undetermined issues or rights. *Greenberg* held only that the doctrine of res judicata did not preclude a second action for adverse possession, where new facts had intervened, *i.e.,* where the period of adverse use had changed. The decision in *Greenberg* in no way dealt with the capacity of the parties to release their claim to an undetermined amount of reimbursement.

■ The ability of parties to settle their rights and liabilities without judicial determination of their value, as in a tort proceeding, cannot be seriously questioned. We see no reason not to give similar effect to the settlement of an undetermined right provided in a court judgment. The determinative issue raised in the present case is not, therefore, the ability of the parties to release unfixed rights; it is simply whether or not this satisfaction agreement serves as a release of the plaintiff's right to a hearing on additional attorney fees. To answer this inquiry, we are guided by the principles underlying a satisfaction of judgment clause and by the judicial policy of furthering the intentions and legitimate expectations of the parties.

■ The law is well settled that a satisfaction of judgment is the last act and end of a proceeding. *See Scott v. Denver,* 125 Colo. 68, 241 P.2d 857 (1952); *Cason v. Glass Bottle Blowers Ass'n,* 113 Cal. App.2d 263, 247 P.2d 931 (1952); *Stull v. Allen,* 165 Kan. 202, 193 P.2d 207 (1948); 49 *C.J.S. Judgments* § 577. It extinguishes the judgment for all purposes and thereby promotes the interests of certainty and repose.

■ Consistent with this principle is the plain manifestation of intent on the part of the parties that this satisfaction clause apply to the entire judgment. The language is unqualified and unequivocal; "Plaintiff hereby acknowledges and accepts *full satisfaction of the Judgment."* (Emphasis added.) Had the plaintiff intended not to release its claim to additional attorney fees, the satisfaction could have been so limited. No such limiting phrases were used. This intent is manifested as well from the plaintiff's action after signing the satisfaction, when it immediately cancelled a previously scheduled hearing on additional attorney fees.

■ We hold, therefore, that the trial court's finding that the plaintiff waived its right as granted in portion two of the judgment, to a hearing on additional attorney fees is supported fully by the record.

Accordingly, we reverse the court of appeals decision and remand with directions to affirm the trial court's dismissal of the plaintiff's motion for an award of additional attorney fees.

MR. JUSTICE PRINGLE does not participate.