596 P.2d 747 (1979)
The PEOPLE of the State of Colorado, Petitioner-Appellee,
v.
In the Interest of D. A. K., Minor-Child,
And Concerning J. K. S., Respondent-Appellant.
No. 28363.
Supreme Court of Colorado, En Banc.
June 4, 1979.
Rehearing Denied July 16, 1979.
*748 Patrick R. Mahan, County Atty., James P. Culbreth, Asst. County Atty., Golden, for petitioner-appellee.
John E. Lind, Golden, guardian ad litem.
John R. Marshall, Jefferson County Legal Aid, Golden, for respondent-appellant.
CARRIGAN, Justice.
D.A.K., a minor, was found by a jury to be a neglected and dependent child. Section 19-1-103(2), C.R.S.1973 (1978 Repl. Vol. 8). The child's mother, the respondent, J.K.S., here appeals that determination. We affirm.
A petition was filed by the Jefferson County Department of Social Services alleging that the minor child was neglected and dependent. A bill of particulars set out as grounds for the petition: (1) that the child's mother periodically had emotionally abused or mistreated the child, and (2) that the mother had failed to give the child proper parental care.
At the jury trial numerous witnesses testified regarding instances of the child's having been abused by his mother, and of the mother's failure to care for him. At times the mother had refused to bathe and feed the child. On several occasions she had stated both to a nurse and to a social services department caseworker that she was afraid of the child and wanted him placed for adoption.
*749 Frequent family disputes had erupted between the mother and her parents while the child was present. One such incident had resulted in the child's removal from the home by a police officer and another had resulted in jailing the mother. From time to time the child had been placed in a foster home when his mother would not or could not care for him.
The respondent raises numerous grounds for reversal. First, she asserts that the proceeding was barred by the doctrine of res judicata. Second, she maintains that the court lacked jurisdiction to entertain a petition alleging "emotional" abuse. Third, she argues that section 19-1-103(20)(a) does not meet the constitutional requirements for statutory definiteness. Fourth, she alleges that the petitioner failed to meet its burden of proof. Finally, she contends that the trial court erred in denying certain proposed jury instructions. Having found no reversible error, we affirm the trial court.

I.
The present proceeding stems from the third neglect and dependency petition brought in the interest of D.A.K., the minor child, and concerning J.K.S., his mother. All three petitions were filed in the Jefferson County District Court by the Executive Director of the Jefferson County Department of Social Services. The first neglect and dependency petition was filed February 16, 1973, and subsequently was dismissed without prejudice by stipulation of all parties.
The second petition was filed October 5, 1973. On the date set for the adjudicatory hearing all parties agreed that the child would be returned to his mother, but temporary custody would be retained in the Jefferson County Department of Social Services. The case was continued for disposition or resetting until September 16, 1974. On that date all parties appeared in person or by counsel. After hearing statements from the parties and counsel, the court denied the petitioner's motion for a continuance and dismissed the case.
The present petition was filed February 27, 1975, alleging abuse and lack of parental care as the bases for the claim that the child was neglected and dependent. The respondent argues that because the second neglect and dependency petition was dismissed with prejudice the doctrine of res judicata barred the instant proceeding. We disagree.
The trial court in its order dismissing the second petition did not specify whether the dismissal was with or without prejudice. When the court fails to state expressly that a dismissal is without prejudice, it operates as a dismissal with prejudice and an adjudication upon the merits of the petition then before the court. C.R.J.P. 1; C.R.C.P. 41(b)(1).
Res judicata, however, did not bar the present neglect and dependency proceeding. Instances of child abuse and lack of parental care occurred after dismissal of the second petition and before the third petition was filed. These new facts were alleged in the instant petition and formed a new basis for the petitioner's claim that the child was neglected and dependent. Accordingly, the former adjudication and judgment does not bar the present action. Greenberg v. Taylor, 152 Colo. 342, 382 P.2d 191 (1963).
Respondent mother argues that the issue of the child's neglect and dependency prior to September 16, 1974, was finally adjudicated by the dismissal with prejudice and therefore the trial court erred in admitting, at the adjudicatory hearing, evidence of instances of child abuse prior to September 16, 1974. We hold that the trial court properly admitted this evidence.
A proceeding to determine whether a child is dependent or neglected is designed to determine the child's status or situation at the time of the adjudication. Section 19-1-103(20), C.R.S.1973 (1978 Repl. Vol. 8); People in the Interest of S.S.T., 38 Colo. App. 110, 553 P.2d 82 (1976). However, the child's situation on the day of the hearing cannot be viewed in a vacuum. The evidence of alleged instances of abuse and parental neglect relied upon to establish the *750 child's dependency and neglect must be considered in the context of the child's history as well as the respondent parent's prior behavior. Robinson v. People, 173 Colo. 113, 476 P.2d 262 (1970). Thus evidence of a continual pattern of abuse or neglect since a time prior to dismissal of the previous action may be relevant in this kind of case. No error was committed in admitting such evidence in this proceeding.

II.
A neglected or dependent child is one whose parent has subjected him or her to "mistreatment or abuse." Section 19-1-103(20)(a), C.R.S.1973 (1978 Repl. Vol. 8). In this case no physical abuse of the child was alleged or proved. Rather the petition and bill of particulars set forth specific allegations of emotional abuse, and the trial evidence established emotional abuse of the child by his mother. The respondent mother asserts that emotional abuse is not a statutory basis for declaring a child neglected or dependent, and therefore the trial court lacked jurisdiction to entertain the petition because it alleged only emotional abuse. Section 19-1-104(1)(c).
The General Assembly has provided no definition of the term "abuse."[1] This term, however, must be liberally construed to carry out the declared purpose of neglect and dependency proceedings, "to secure for each child subject to these provisions such care and guidance, preferably in his own home, as will best serve his welfare and the interests of society." Section 19-1-102(1)(a). In our view the General Assembly must have intended the general term "abuse" to include emotional abuse as well as physical abuse, for a narrow restriction of the term to physical abuse would frustrate the legislative purpose to protect and secure the welfare of children.
In interpreting a statute designed to serve the best interests of the child and of society, we are cognizant that
". . . children can be severely damaged psychologically as well as physically. Often the impairments are crippling and permanent. An increasing body of evidence shows that children who suffer early emotional disturbances often display later mental illness or antisocial behavior. As adults they may be incapable of caring for themselves or their own children. If severely disturbed children are not receiving treatment the reasons for intervening are little different from those justifying protecting children from physical injury." Wald, "State Intervention on Behalf of `Neglected' Children: A Search for Realistic Standards," 27 Stanford Law Review 985, 1015 (1975).
The welfare of the child cannot be protected if courts must ignore the very real emotional abuses that a child may suffer. Emotional abuse may leave scars more permanent and damaging to a child's personality than bodily bruises from a physical beating. Thus when the General Assembly entrusted to juvenile courts the primary responsibility for protecting neglected and dependent children, it surely intended to grant the power to protect such children against emotional abuse. See People in the Interest of C.O., 36 Colo.App. 298, 541 P.2d 330 (1975); Todd v. Superior Court, King County, Juvenile Court, 68 Wash.2d 587, 414 P.2d 605 (1966). We decline to conclude that an enlightened legislature which repeatedly has demonstrated its concern for children would be concerned only with safety of the child's body, but not of the integrity of his or her mind, personality and spirit.

III.
The respondent next argues that section 19-1-103(20)(a), defining a neglected or dependent child as one whose parent has "subjected him to mistreatment or abuse," is so vague and uncertain that it fails to meet the constitutional requirements for statutory definiteness. We do not agree.
*751 A proceeding to determine whether a child is dependent or neglected is civil in nature. Robinson v. People, supra. The proceeding does not involve the state against the child's parents. Rather, three parties are affected: the child, the parents, and the state. The state is in the position of parens patriae and the matter for determination is what will best serve the interests of the child. However, we recognize that the state's interests must be exercised without denying fundamental fairness to the child or its parents.
Due process requires that statutes be specific enough to apprise the public of the type of conduct mandated or proscribed. People in Interest of K.P., 182 Colo. 409, 514 P.2d 1131 (1973). Although no definitive test for vagueness equally applicable to the language of all civil statutes has evolved, prior case law establishes that "as the severity of the sanction is increased, the clarity of the standard of conduct prescribed must also increase." 182 Colo. at 413, 514 P.2d at 1133.
A neglect or dependency proceeding is not intended to punish the parent for conduct involving the child. However, we recognize that the parent has much at stake in the outcome of the proceeding. Once the child is adjudicated to be neglected or dependent the court may take various actions including entry of a decree terminating the legal relationship of parent and child. Section 19-3-111(2). Thus, although no criminal sanction is involved, a serious and substantial parental interest is at stake, which in many, if not most, cases is as important to the parents as their freedom.
While acknowledging that the possible consequences of adjudicating a child to be neglected or dependent can be grave, we hold that the statute gives the parents sufficient notice of the kinds of conduct which could result in their losing parental rights. An ordinarily reasonable parent can understand what it means to "abuse" and "mistreat" a child. Fundamental fairness does not require a statute to enumerate in all-encompassing examples, or exactly described acts, precisely how poorly a parent can treat a child before risking loss of parental rights. See State v. McMaster, 259 Or. 291, 486 P.2d 567 (1971). Our legal system occasionally requires courts to draw lines. In any event, the conduct here involved would clearly qualify as emotional abuse even if such parameters were required.
Furthermore, the statute is as explicit as could be in order to accomplish the purposes intended. United States v. Petrillo, 332 U.S. 1, 67 S.Ct. 1538, 91 L.Ed. 1877 (1946). The protection of an abused or mistreated child is an area of legitimate legislative concern which does not lend itself to more precise definition. A legislature would find it extremely difficult, if not impossible, to write a statute more specific to accomplish the purposes of protecting the child's safety and welfare while still allowing the juvenile court reasonable flexibility in determining the best interests of the child and society in each case.

IV.
We find that the trial court committed no reversible error with respect to the other issues raised.
Accordingly, the trial court's judgment is affirmed.
ERICKSON, J., does not participate.
NOTES
[1] The definition set forth in section 19-10-103(1)(a) is limited to the statutory provisions on reporting child abuse and does not apply to proceedings alleging a child is neglected and dependent. People in the Interest of M.A.L., 37 Colo.App. 307, 553 P.2d 103 (1976).