STEAGALL, Justice.
The plaintiff, C. Robert Johnson, appeals, following a jury verdict in his favor, from the trial court’s refusal to award him attorney fees.
Johnson sued BMW of North America, Inc. (“BMW”), seeking an enforcement of his right to revoke acceptance of a 1987 BMW automobile and claiming damages for breach of warranty. Johnson also claimed attorney fees and costs. The case was submitted to a jury, which returned a verdict in favor of BMW on the revocation of acceptance claim and returned a verdict in the amount of $16,600 in favor of Johnson on the breach of warranty claim. On June 7, 1990, the trial court, pursuant to the jury verdict, entered judgment in the amount of $16,600 and costs in favor of Johnson.
On June 13, 1990, BMW filed a motion for judgment notwithstanding the verdict or for new trial, which was denied. On June 26, Johnson filed a petition for an award of attorney fees pursuant to Ala. Code 1975, § 8-20-8, and the Magnusson-Moss Warranty Act.[1] On July 6, Johnson’s counsel executed a satisfaction of the June 7 judgment; the satisfaction was filed with the court on July 6. On August 17, the trial court overruled Johnson’s petition for attorney fees. Johnson appeals, arguing that because the jury determined that BMW had breached the warranty on the 1987 BMW automobile, he is entitled, under § 8-20-8, to an additional award for reasonable attorney fees.
BMW argues that that satisfaction of the judgment precludes a subsequent award of attorney fees. In response, Johnson con *1334 tends that the satisfaction of the judgment was an acknowledgment of BMW’s payment of the general verdict, and that that acknowledgment does not preclude the trial court from granting, upon Johnson’s pending motion, an additional award of attorney fees.
This is an apparent case of first impression in Alabama. Courts in other jurisdictions, however, have held that a satisfaction of judgment is the end of a proceeding and bars any effort to alter or amend a final judgment. Morris North American, Inc. v. King, 430 So.2d 592 (Fla.Dist.Ct.App.1983); Dooley v. Cal-cut Pipe & Supply, Inc., 197 Colo. 362, 593 P.2d 360 (1979). In Dooley, the court held that in the interests of certainty and repose, a satisfaction of judgment extinguishes the judgment. That court then stated:
“Consistent with this principle is the plain manifestation of intent on the part of the parties that this satisfaction clause apply to the entire judgment. The language is unqualified and unequivocal; ‘Plaintiff hereby acknowledges and accepts full satisfaction of the judgment’ (Emphasis added.) Had the plaintiff intended not to release its claim to additional attorney fees, the satisfaction could have been so limited. No such limiting phrases were used.”
197 Colo. at 364, 593 P.2d at 362.
The satisfaction of judgment executed by Johnson’s counsel reads:
“Judgment having been entered in favor of the plaintiff and against defendant in the amount of $16,600.00, plus costs, on the 7th day of June, 1990.
“Satisfaction in full of said judgment is hereby acknowledged this 6th day of July, 1990.”
The language used in this satisfaction of judgment, like the language in Dooley, is unqualified and unequivocal; clearly, the parties intended that the satisfaction apply to the entire judgment.
Johnson argues that there was no consideration for a release of his claim for attorney fees and, therefore, that the satisfaction of judgment does not preclude an award of attorney fees. We find this argument to be without merit. This Court has held that where a release from an obligation is in writing, it must be given effect according to its intent expressed in plain terms and that no new consideration is necessary. Homewood Dairy Products Co. v. Robinson, 254 Ala. 197, 48 So.2d 28 (1950). See, also, Grimes v. Liberty Nat. Life Ins. Co., 514 So.2d 965 (Ala.1987).
Because consideration for release of the claim to attorney fees is unnecessary and because the language in the satisfaction of judgment indicates that the parties intended that the satisfaction apply to the entire judgment, we hold that Johnson’s right to an award of attorney fees was waived when his counsel executed the satisfaction of judgment. The trial court correctly overruled Johnson’s petition for attorney fees; therefore, the judgment of the trial court is affirmed.
AFFIRMED.
MADDOX, ALMON, KENNEDY and INGRAM, JJ., concur.
SHORES and ADAMS, JJ., dissent.

. Some documents in the record indicate that Johnson also sought an award of additional costs.