Charles R. CRAFT, Plaintiff–Appellant,

v.

Glenn A. STOREY, Kathryn L. Schroeder, as trustee for the Storey Family Trust, and Roberta Gillis, in her capacity as the Arapahoe County Public Trustee, Defendants–Appellees.

No. 95CA1807.

Colorado Court of Appeals, Div. III.

Nov. 29, 1996.

Rehearing Denied Dec. 27, 1996.

Certiorari Denied Sept. 8, 1997.

Bloom Murr & Accomazzo, P.C., Joseph A. Murr, Mark F. Bell, Denver, for Plaintiff–Appellant.

Barnett, Barrett, King & Southam, LLC, Dennis W. King, Aurora, for Defendant–Appellee Glenn A. Storey.

Kathryn L. Schroeder, County Attorney, Nancy D. Berk, Special Assistant County Attorney, Littleton, for Defendant–Appellee Arapahoe County Public Trustee.

Opinion by Judge MARQUEZ.

Plaintiff, Charles R. Craft, appeals the summary judgment in favor of defendants, Glenn A. Storey, Kathryn Schroeder, as Trustee of the Storey Family Trust, and Roberta Gillis, in her capacity as Arapahoe County Public Trustee, in which the court held that plaintiff, a judgment lienor, could not exercise his right of redemption when, even though he tendered his redemption check before defendants satisfied the judgment, the judgment was satisfied before the expiration of the redemption period. We affirm.

The facts of this case are not disputed. In 1985, Beverly Benson, the owner of certain property, was the grantor on a deed of trust naming First Interstate Bank of Englewood as beneficiary. The deed of trust secured a promissory note made by both Benson and defendant Storey.

The property was encumbered further by a judgment lien in favor of the National Association of Credit Management against David C. Storey and defendant Storey. At the time the judgment lien attached to the property, defendant Storey owned the property, although he subsequently quitclaimed it to Benson. The validity of the judgment lien is not contested on this basis.

In early October 1990, First Interstate Bank of Englewood assigned the deed of trust to the Storey Family Trust, which had been established earlier that year by defendant Storey's father for the benefit of defendant Storey's children.

When payments were not made on the promissory note secured by the deed of trust, the Storey Family Trust commenced a public trustee foreclosure and was the successful bidder at the foreclosure sale in August 1993. Beverly Benson, as owner of the property, did not exercise her right of redemption within the seventy-five day statutory redemption period, which expired October 25, 1993. *See* § 38–38–302(1), C.R.S. (1996 Cum. Supp.).

On October 25, 1993, National Association of Credit Management assigned its judgment lien to plaintiff Craft for $300. On that same date, plaintiff properly filed a Notice of Intent to Redeem with the Arapahoe County Public Trustee's office before the expiration of the owner's statutory redemption period.

At the expiration of the seventy-five day statutory redemption period, plaintiff had ten days within which to redeem the property, making the last day of his redemption period November 4, 1993. Section 38–38–303, C.R.S. (1996 Cum.Supp.).

Although the Public Trustee questioned the sequence in which the following events occurred, that they did in fact occur on November 4, 1993, is not disputed, and for purposes of this opinion, we assume the following sequence.

On November 4, 1993, the Arapahoe County Public Trustee's office received plaintiff's cashier's check for $17,587.82, the proper redemption amount, but did not issue plaintiff a certificate of redemption.

Later that same afternoon, an agent of defendant Storey tendered a check to the Clerk of the Denver County Court to satisfy the judgment held by plaintiff. Based on this, the Denver County Court entered a satisfaction of judgment. About an hour later, the Certificate of Satisfaction of Judgment, on behalf of defendant Storey, was delivered to the Arapahoe County Public Trustee.

A few days later, the Public Trustee returned plaintiff's redemption check. Upon the presentation of the original certificate of purchase to the Public Trustee by the Storey Family Trust, the Public Trustee issued a Public Trustee's Deed to the Storey Family Trust.

Thereafter, plaintiff filed this action asking the court to direct the Public Trustee to execute and deliver to him the certificate of redemption and the Public Trustee's Deed to the property, and to find that execution and delivery of the Public Trustee's Deed to the Storey Family Trust was improper. Plaintiff also sought the reasonable rental value for the time the Storey Family Trust maintained possession of the property and asked the court to evict any party in possession and award possession to plaintiff.

Plaintiff filed a motion for summary judgment. The Public Trustee filed a response to plaintiff's motion. Defendants Storey, Schroeder, and the Storey Family Trust filed a response to plaintiff's motion and also filed their own motion for summary judgment. Summary judgment was subsequently entered in favor of defendants Storey and the Storey Family Trust.

The trial court determined that a certificate of redemption is not to be issued until after the expiration of the redemption period. The court concluded, based on § 38–38–302(2), C.R.S. (1996 Cum.Supp.) and § 38–38–501, C.R.S. (1996 Cum.Supp.), that: "[I]t is immaterial whether the Storey defendants satisfied the judgment before or after plaintiff tendered his redemption check to the public trustee, so long as both events took place prior to the expiration of the applicable redemption period."

Plaintiff contends that the trial court erred in holding that he was not entitled to an immediate issuance of a certificate of redemption by the Public Trustee because no rights vested with him prior to the expiration of his redemption period. We perceive no reversible error.

■ Summary judgment is a drastic remedy that is warranted only on a clear showing that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. C.R.C.P. 56; *Churchey v. Adolph Coors Co.,* 759 P.2d 1336 (Colo.1988). The party moving for summary judgment bears the burden of establishing the lack of a triable factual issue,

and if there are any doubts as to the existence of such an issue, they must be resolved against that party. *Elm Distributors, Inc. v. Tri–Centennial Corp.,* 768 P.2d 215 (Colo. 1989).

The party opposing summary judgment is entitled to the benefit of all favorable inferences that may be drawn from the facts contained in the record. *Churchey v. Adolph Coors Co., supra.*

■ Appellate review of a summary judgment is *de novo. Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board,* 901 P.2d 1251 (Colo.1995).

Relying on § 38–38–303(1), C.R.S. (1996 Cum.Supp.), plaintiff argues that the plain language of the statute establishes that the act of redemption is fully accomplished and becomes vested upon the redeemer paying the public trustee the redemption amount.

Section 38–38–303(1) provides:

If no redemption is made within the redemption period provided for in section 38–38–302, the lienor having the senior lien, according to the records of the county clerk and recorder's office of the county where the property is located ... may redeem within ten days after the expiration of the redemption period provided for in § 38–38–302 *by paying to the public trustee or sheriff the redemption amount required by section 38–38–302.* ... (emphasis added)

However, § 38–38–501, C.R.S. (1996 Cum. Supp.) titled "Title vests upon expiration of redemption periods—confirmation deed," provides that:

Upon the expiration of the period of redemption allowed to the owner and to all subsequent lienors entitled to redeem, title to the property sold shall vest in the holder of the certificate of purchase or the holder of the certificate of redemption issued to the lienor last redeeming in case a redemption has been made by a lienor.

■ The appropriate construction of a statute is a question of law. *Colorado Division of Employment & Training v. Parkview Episcopal Hospital,* 725 P.2d 787 (Colo.1986). The primary task of a court in construing statutory provisions is to ascertain and give effect to legislative intent.

■ In order to ascertain legislative intent, we give the language of the statute its commonly accepted meaning. If the meaning is clear from a plain reading of the statute, we will not resort to legislative history. *Property Tax Administrator v. Production Geophysical Services, Inc.,* 860 P.2d 514 (Colo.1993). A statute should be interpreted so as to give effect to all its parts. *People in Interest of J.L.R.,* 895 P.2d 1151 (Colo.App. 1995).

A judgment creditor whose judgment has been made a lien of record may redeem as a lienor. Section 38–38–306, C.R.S. (1996 Cum.Supp.).

■ Under Colorado law, the satisfaction of judgment constitutes the end of a proceeding. "It extinguishes the judgment for all purposes and thereby promotes the interests of certainty and repose." *Dooley v. Cal–Cut Pipe & Supply, Inc.,* 197 Colo. 362, 364, 593 P.2d 360, 362 (1979).

■ A debtor has the legal right to pay the judgment and thereby prevent a redemption by the assignees of a judgment. *Plute v. Schick,* 101 Colo. 159, 71 P.2d 802 (1937).

■ The right to redeem is purely statutory and is not to be enlarged by judicial interpretation; however, the statute allowing redemption should be liberally construed to the end that all the property of a debtor may pay as many debts as possible. *Walker v. Wallace,* 79 Colo. 380, 246 P. 553 (1926).

■ The purpose of the redemption laws is to help creditors recover their just demands, nothing more. The creditor's duty is to accept the tender and to assist in the satisfaction of the judgment. *Osborn Hardware Co. v. Colorado Corp.,* 32 Colo.App. 254, 510 P.2d 461 (1973).

■ It is undisputed in this case that plaintiff properly filed his Notice of Intent to Redeem pursuant to § 38–38–303(2), that he paid the Public Trustee the proper redemption amount as required by § 38–38–302, and that this payment was timely pursuant to § 38–38–303. However, we do not find any

language in the foreclosure statutes supporting a requirement that the public trustee issue a certificate of redemption immediately upon tender of the lienor's redemption amount.

Section 38–38–303 provides the framework for redemption by a lienor. Section 38–38–303(1) establishes the acts required for redemption, but not the time for redemption. In contrast, § 38–38–501 specifies that title vests upon the expiration of the redemption period. By the end of the redemption period here, the judgment had been satisfied; thus, plaintiff was no longer a judgment lienor and, therefore, no longer entitled to redeem.

Based upon the statutory provisions, the title to the property would have vested in plaintiff on the expiration of the redemption period. At that time, however, the plaintiff held no redemption rights, since the judgment, which was the basis for his redemption rights, had been satisfied. To hold otherwise would be contrary to the intent of the redemption laws to help creditors recover their just demands, but not more. *See Plute v. Schick, supra.*

Accordingly, the judgment is affirmed.

PLANK and BRIGGS, JJ., concur