**Willie KELLUM, Plaintiff–Appellant and Cross–Appellee,**

v.

**RE SERVICES, LLC, a Colorado limited liability company, Defendant–Appellee and Cross–Appellant.**

No. 00CA1143.

Colorado Court of Appeals, Div. III.

July 19, 2001.

Darrell S. Elliott, P.C., James F. Scherer, Denver, CO, for Plaintiff–Appellant and Cross–Appellee.

Bloom, Murr & Accomazzo, P.C., Joseph A. Murr, Wendy E. Weigler, Denver, CO, for Defendant–Appellee and Cross–Appellant.

Opinion by Chief Judge HUME.

In this action concerning redemption of real property sold at a foreclosure sale, plaintiff, Willie Kellum, appeals the summary judgment entered against him in favor of defendant, RE Services, LLC (RE). RE cross-appeals a finding made at a preliminary injunction hearing. We affirm the judgment and dismiss the cross-appeal.

Plaintiff was the successful bidder at a foreclosure sale conducted by the Public

Trustee for the City and County of Denver (trustee) after the owner of real property defaulted on a note secured by a first deed of trust. Plaintiff received a certificate of purchase from the trustee, and the owner did not redeem the property during the period provided by § 38–38–302, C.R.S.2000, which expired on February 8, 1999.

However, on the final day of the redemption period, four additional deeds of trust were recorded against the property, the first three securing $100 notes payable by the owner to various individuals and the fourth securing a $15,000 note payable by the owner to RE. RE's deed of trust was the last recorded, at 4:00 p.m. on February 8, 1999. The trustee established redemption periods pursuant to § 38–38–303, C.R.S.2000, for each of the junior liens, but only RE filed a timely notice of intent to redeem from foreclosure of the first deed of trust. That notice was recorded at 4:50 p.m. on February 8, 1999. Redemption funds were tendered by RE to the trustee on March 8, 1999. On May 19, 1999, the redemption funds were delivered by the trustee to plaintiff and were neither rejected nor returned.

Underlying RE's promissory note and deed of trust was an agreement dated February 8, 1999, between RE and the owner. After reciting the prior foreclosure sale, the ensuing redemption, and the owner's execution of a deed of trust to secure the payment of $15,000, the agreement established the following terms and conditions: (1) If RE were the last junior lienholder and the redemption amount were not more than $67,000, RE would redeem the property. In that event, RE would pay the owner's father $15,000. (2) If RE redeemed and a public trustee's deed were issued to RE, the owner and/or his assigns would have the option to repurchase the property on or before March 8, 1999, for the redemption amount plus $20,000, $15,000 of which would be tendered to the owner's father. The remaining $5,000 would be retained by RE for its services in redeeming the owner's property. (3) In the event the owner or his assigns reacquired the property through one of the other three junior liens, which were senior to RE's lien, RE would release its deed of trust upon the owner's payment of $3,000. (4) In the event the owner or his assigns failed to tender funds to repurchase the property on or before March 8, 1999, at 6:00 p.m., then the owner's option to repurchase would expire, and the property would be free and clear of any such option.

On March 9, 1999, following RE's redemption, plaintiff filed a complaint in district court seeking a declaratory judgment invalidating RE's lien, an injunction preventing issuance of a trustee's deed to RE, and a mandatory injunction directing the trustee to issue a deed to plaintiff. Following an evidentiary hearing, the district court denied plaintiff's application for preliminary injunction. The district court subsequently granted summary judgment for RE. This appeal followed.

Although RE was the prevailing party, it filed a notice of cross-appeal contesting one finding set forth in the order denying the preliminary injunction. However, any ruling we make on that issue will have no effect on our disposition of this case, and thus the issue is moot. *See American Drug Store v. Denver*, 831 P.2d 465 (Colo.1992). Accordingly, we decline to address it.

Plaintiff in essence contends that summary judgment was based on an erroneous determination that he lacked standing to seek relief. We are not persuaded that the judgment rests on such a determination.

■ Summary judgment is a drastic remedy, only appropriate when there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law. In determining whether summary judgment is proper, the nonmoving party is entitled to the benefit of all favorable inferences that may reasonably be drawn from the undisputed facts, and all doubts must be resolved against the moving party. *Bebo Construction Co. v. Mattox & O'Brien, P.C.*, 990 P.2d 78 (Colo.1999).

■ In its summary judgment order, the district court determined, as a matter of law, that the holder of a certificate of purchase had only alternative rights to receive either the redemption money when it was tendered, or a trustee's deed if redemption was not

made and accepted. The court relied on *Davis Manufacturing & Supply Co. v. Coonskin Properties, Inc.,* 646 P.2d 940 (Colo.App.1982).

Because it was undisputed that plaintiff had received and not returned the redemption money tendered by the trustee, the district court concluded that RE as the redeeming party, and not plaintiff as the holder of the certificate of purchase, was entitled to receive a deed under § 38–38–501, C.R.S. 2000. In so ruling, the district court did not hold that plaintiff did not have standing to challenge the validity of RE's lien. Rather, the court concluded that plaintiff could not accept the benefit of redemption while challenging the right of the redeeming party. Having accepted the redemption money, plaintiff was not also entitled under the provisions of the foreclosure statutes to seek a deed to the foreclosed property.

The pertinent statutes are clear and unambiguous. Title to property purchased at a foreclosure sale vests upon the expiration of the redemption periods. *See* § 38–38–501. Subject to restrictions not applicable here, such title shall be free and clear of all encumbrances. However, the holder of a certificate of purchase has only a statutory right to the redemption funds tendered by a redeeming party. *See* § 38–38–302(2), C.R.S.2000.

Here, it was undisputed that redemption funds were tendered to and accepted by plaintiff as the certificate holder. Thereafter, plaintiff had no further right to challenge the validity of RE's lien. *Cf. Wilson v. Automobile Owners Association Insurance Co.,* 152 Colo. 431, 382 P.2d 815 (1963)(party who accepts award or legal advantage waives right to review of the award).

In light of the foregoing analysis, we need not address the validity of RE's debt.

Accordingly, the judgment is affirmed, and RE's cross-appeal is dismissed.

MARQUEZ and DAILEY, JJ., concur.