NATIONAL REAL ESTATE INVEST-
MENT, LLC, Plaintiff–Appellant
and Cross–Appellee,

v.

WYSE FINANCIAL SERVICES, INC.; Ir-
vin Borenstein, individually; and Real-
America Ventures, LLC, Defendants–Ap-
pellees and Cross–Appellants,

and

Marilyn G. Green, Public Trustee,
Douglas County, Defendant.

No. 01CA0799.

Colorado Court of Appeals,
Div. III.

April 11, 2002.

Certiorari Granted April 14, 2003.

John M. Dudgeon, Lakewood, Colorado, for Plaintiff–Appellant and Cross–Appellee.

Irvin Borenstein, Aurora, Colorado, for Defendants–Appellees and Cross–Appellants WYSE Financial Services, Inc. and Irvin Borenstein.

Overton, Babiarz & Associates, P.C., A.L. Overton, Mark J. Overton, Englewood, Colorado, for Defendant–Appellee and Cross–Appellant RealAmerica Ventures, LLC.

Opinion by Chief Judge HUME.

In this dispute concerning the purchaser at a foreclosure sale and the assignee of a junior judgment lien, plaintiff, National Real Estate Investment, LLC (assignee), appeals the summary judgment in favor of defendants, WYSE Financial Services, Inc. (assignor); Irvin Borenstein (assignor's attorney); Marilyn C. Green, in her capacity as Douglas County Public Trustee; and RealAmerica Ventures, LLC (purchaser). Defendants, other than Green, cross-appeal the trial court's order denying attorney fees pursuant to C.R.C.P. 11 and § 13–17–102, C.R.S. 2001. We reverse and remand.

Certain real property was subject to a first deed of trust and was also encumbered by a junior judgment lien against the property in favor of assignor. The holder of the deed of trust foreclosed, and the Douglas County Public Trustee sold the property to purchaser at a foreclosure sale and issued a certificate of purchase. The owner did not redeem the property during the period provided by § 38–38–302, C.R.S.2001, which expired on June 5, 2000.

Assignor assigned the judgment lien to assignee on June 5, 2000, which assignment was promptly recorded. Assignee filed a notice of intent to redeem the property that same day. On June 8, 2000, assignee tendered to the trustee the redemption funds for the property in the approximate amount of $405,000, and the trustee issued a certificate of redemption. Assignee did not file a substitution of parties or counsel after obtaining the assignment, and assignor's attorney remained the attorney of record. The certificate of redemption was recorded on June 12, 2000, before assignee's redemption period expired on June 15, 2000.

On June 14, 2000, purchaser requested that the county court accept payment in satisfaction of assignor's judgment. The court refused to accept the tender and directed purchaser to tender the funds to the attorney of record for the judgment creditor of record, assignor. The attorney accepted the funds and executed a satisfaction of judgment on behalf of assignor on June 15, 2000. Purchaser filed an acknowledgment of satisfaction of judgment with the county court and recorded the certificate of satisfaction with the public trustee that same day.

The public trustee refused to issue a deed after assignee's redemption because of the conflicting demands made upon her.

Assignee filed a motion to vacate the satisfaction of judgment with the county court, which was denied. Assignee did not appeal that denial, but filed an independent action with the district court, again seeking to vacate the satisfaction of judgment, to require the public trustee to issue a public trustee's deed to assignee, and to recover damages against defendants on various grounds.

The district court denied defendants' motion for summary judgment, holding that the judgment lien was not effectively discharged by tender of payment to the attorney of record. Later, the district court granted summary judgment in favor of defendants, holding that the judgment was satisfied by the tender, without acceptance, of the funds to the county court. The district court held that the judgment lien was satisfied prior to the expiration of assignee's redemption period and therefore extinguished assignee's right to redeem.

## I.

■ Assignee contends that the district court erred by holding that purchaser extinguished assignee's right to redeem by satisfying the judgment through the tender of funds to the county court, without acceptance and deposit into the court registry. We agree.

Appellate review of a summary judgment is de novo. *See Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board,* 901 P.2d 1251 (Colo.1995).

■ A debtor or debtor's agent has the legal right to pay the judgment and thereby prevent a redemption by the assignee of a judgment. *See Plute v. Schick,* 101 Colo. 159, 71 P.2d 802 (1937); *Craft v. Storey,* 942 P.2d 1211 (Colo.App.1996); *Osborn Hardware Co. v. Colorado Corp.,* 32 Colo.App. 254, 510 P.2d 461 (1973).

In *Kellum v. RE Services, LLC,* 30 P.3d 875 (Colo.App.2001), and *Davis Manufacturing & Supply Co. v. Coonskin Properties, Inc.,* 646 P.2d 940 (Colo.App.1982), other divisions of this court have held that the holder of a certificate of purchase on a foreclosure sale does not have the right to prevent a judgment lien holder from redeeming by paying the amount of the lien. Those divisions held that the holder of the certificate of purchase acquires only the alternative rights to receive the redemption money when tendered, if another lien holder redeems, or a deed for the property after the time for redemption has expired, if no other superior right holder has intervened.

Section 38–38–304(3), C.R.S.2001, states that "[i]f redemption is made by a lienor, his certificate of redemption, duly recorded, operates as an assignment to him of the estate and interest acquired by the purchaser at the sale, subject, however, to the rights of persons who may be entitled subsequently to redeem."

Thus, here, purchaser's rights and interest in the property were assigned to assignee by operation of law immediately upon assignee's recording the certificate of redemption on June 12, 2000.

Purchaser argues that pursuant to § 38–38–302(2), C.R.S.2001, a certificate of redemption may be issued only after the expiration of the redemption period. Purchaser contends that consequently the satisfaction of judgment extinguished assignee's redemption rights because the certificate of redemption was executed and delivered in violation of the statute and therefore was a nullity. We disagree.

■ The requirement of § 38–38–302(2) that a certificate of redemption be issued only after the expiration of the proper redemption period contemplated by § 38–38–302 is inapplicable to judgment lienors. Section 38–38–302(1), C.R.S.2001, expressly reserves the right of redemption under that section to only "the owner of the property, or any other person liable after the foreclosure sale for the deficiency." Thus, because the limitation on the execution and delivery of a certificate of redemption under § 38–38–302(2) applies only to persons redeeming "under this section," it applies to only those persons contemplated under § 38–38–302(1), that is, owners and other persons liable for deficiencies after the foreclosure sale.

■ By contrast, § 38–38–303, C.R.S.2001, entitled "Time of redemption by lienor," applies to lienors and expressly addresses the circumstance in which no party redeems within the redemption period contemplated by § 38–38–302, and subsequent lienors choose to redeem. Unlike § 38–38–302, § 38–38–303 contains no limitation on when the certificate of redemption may be issued.

In *Craft v. Storey, supra,* the division noted that nothing in the foreclosure statutes requires the public trustee to issue a certificate of redemption immediately upon tender of the lienor's redemption amount. Similarly, unlike § 38–38–302(2), nothing in § 38–38–303 precludes the public trustee from issuing a certificate of redemption to a redeeming lienor immediately upon tender of the funds. Had the General Assembly intended to delay the execution and delivery of the certificate where lienors redeem, it could easily have inserted that requirement into § 38–38–303, as it did in § 38–38–302(2).

Defendants' reliance on *Craft v. Storey, supra,* is misplaced. *Craft v. Storey* did not address whether a foreclosure sale purchaser could satisfy a judgment lien and extinguish the judgment lienor's right to redeem after the issuance of a certificate of redemption in favor of the judgment lienor. In that case, no certificate of redemption had been issued, so there was no need to address the effect of § 38–38–304(3) in such a circumstance.

Thus, once a lienor is issued a certificate of redemption, a purchaser at a foreclosure sale who is not the debtor is precluded from affecting the lienor's redemption rights. The purchaser is entitled only to recover the redemption funds. *See* §§ 38–38–304(3), 38–38–302(2) ("The public trustee or sheriff shall forthwith pay said [redemption] money to the holder of the certificate of purchase.").

Purchaser could not extinguish assignee's right to redeem after the issuance of a certificate of redemption, *see Kellum v. RE Services, LLC, supra.* Assignee's redemption was subject only to the rights of persons subsequently entitled to redeem, *see* § 38–38–304(3). Because no other persons were subsequently entitled to redeem in this case, title to the property vested in assignee at the end of the redemption period on June 15, 2000. *See* § 38–38–501, C.R.S.2001. The public trustee is thus required to execute and deliver to assignee a deed confirming the transfer of title to the property.

## II.

Defendants argue that assignee's action in the district court was barred by the principles of res judicata and collateral estoppel. We disagree.

Collateral estoppel bars relitigation of an issue previously litigated in a separate action if (1) the issue precluded is identical to an issue actually litigated and necessarily adjudicated in a prior proceeding; (2) the party against whom estoppel is sought was a party to, or in privity with a party to, the prior proceeding; (3) there was a final judgment on the merits in the prior proceeding; and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding.

*See Sunny Acres Villa, Inc. v. Cooper,* 25 P.3d 44 (Colo.2001); *Michaelson v. Michaelson,* 884 P.2d 695 (Colo.1994).

The county court denied assignee's initial motion to vacate the satisfaction of judgment because it lacked jurisdiction over the subject matter, and it indicated that further action on the matter would have to proceed pursuant to C.R.C.P. 105. When a court refuses to adjudicate a dispute because of a lack of subject matter jurisdiction, there has been no actual, full, and fair litigation and no necessary adjudication of any substantive issue other than the issue of the court's jurisdiction. Assignee's independent action in the district court therefore was not barred by collateral estoppel.

## III.

In light of our decision, we affirm the trial court's denial of defendants' claims for attorney fees and deny relief on defendants' cross-appeal.

The judgment in favor of defendants is reversed, and the case is remanded with directions that the trial court (1) order the Douglas County Public Trustee to execute and deliver to plaintiff a deed confirming the transfer of title to the property to plaintiff and (2) consider plaintiff's claims for damages against defendants.

Judge NEY and Judge DAILEY concur.